UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

THOMAS WAYNE EVENSTAD,

        Plaintiff,

v.

CITY OF WEST SAINT PAUL; JENNY
HALVORSON, Mayor; DAVID
MEISINGER, Mayor;[1] JOHN BELLOWS,
City Council Member; ANTHONY
FERNANDEZ, City Council Member; ED
LAGO; City Council Member, DAVE
NAPIER, City Council Member; BOB PACE,
City Council Member; DICK VITELLI, City
Council Member; CHANTEL DORIOTT,
City Clerk; JOHN DOES 1-10; and JANE
DOES 1-5,

        Defendants.

Case No. 17-CV-4067 (DWF/DTS)

REPORT AND RECOMMENDATION

---

       Plaintiff Thomas Wayne Evenstad brings this lawsuit challenging the legality of an ordinance of the City of West Saint Paul restricting where individuals deemed predatory offenders may reside within that city. Evenstad did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

       After review, this Court concludes that Evenstad qualifies financially for IFP status. That said, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an action, or any portion of an

---

      [1]In the caption of his complaint, Evenstad lists this defendant as "David Meisinging." The documents attached as exhibits to the complaint make clear that this individual's name is, in fact, "David Meisinger." *See* ECF No. 5 at 4.

action, submitted by an IFP litigant if that action (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. For the reasons explained below, Evenstad's IFP application cannot be granted with respect to several of the named individual defendants. Accordingly, it will be recommended that those defendants be dismissed from this action.[2]

As described briefly above, Evenstad challenges the legality of an ordinance recently adopted by the City of West Saint Paul regarding where individuals deemed to be predatory offenders may reside within that city. Among the defendants named to this action are the City of West Saint Paul itself; the city council members of West Saint Paul at the time the ordinance was passed, five of whom voted in favor of the ordinance (John Bellows, Anthony Fernandez, Ed Lago, Dave Napier, Bob Pace, and Dick Vitelli); the mayor of West Saint Paul who approved of the ordinance's passage (David Meisinger); the mayor of West Saint Paul now involved in enforcement of that ordinance (Jenny Halvorson); and the city clerk of West Saint Paul (Chantel Doriott).

"Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (quotation omitted). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id*. The act of voting upon an ordinance is "quintessentially legislative" that is, precisely the sort of activity absolutely protected by absolute legislative immunity. *Id*. at 55. Evenstad's inclusion of the West Saint Paul city council members is

---

[2]By separate order, this Court will grant Evenstad's IFP application and direct that service be effected upon the remaining defendants.

premised solely upon their involvement in the passage of the challenged ordinance. His attempt to seek relief from council members is therefore doomed from the start. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The council members must be dismissed from this action.

Likewise, the act of "signing into law an ordinance" is also protected by absolute legislative immunity, even where that action is performed by an executive rather than legislative actor. *Bogan*, 523 U.S. at 55. The lone basis for Meisinger having been named a defendant to this action is that, as mayor, he signed into law the ordinance that Evenstad challenges here. But again, this quintessentially legislative function is not grounds for suit. Meisinger, too, must be dismissed from this case.[3]

Finally, Evenstad names city clerk Chantel Doriott as a defendant to this action. As explained above, a defendant will be dismissed from an action when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted as to that defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable

---

[3] Evenstad also seeks relief from Jenny Halvorson, the current mayor of West Saint Paul. Unlike with Meisinger, Evanstad seeks relief against Halvorson not because of her role during the legislative process, but because she has been involved in the *enforcement* of what Evenstad alleges to be an unlawful ordinance. Evenstad's claims against Halvorson will therefore be permitted to proceed at this time. Nothing in this Recommendation precludes Halvorson from raising any defense, including immunity, that might be available to her.

inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Evenstad points to nothing that Doriott did, or failed to do, which might have violated the law. From the face of the complaint, Doriott seems to have been involved neither in the passage nor in the enforcement of the ordinance at issue. It is therefore unclear why Doriott has been included in this action at all.

Accordingly, it is hereby recommended that each of the aforementioned defendants be dismissed from this action. Due to the early stage of this litigation, however, it is recommended that those dismissals be effected *without* prejudice, so that Evenstad may request to amend his complaint to add claims against the dismissed defendants should future circumstances or factual discoveries warrant their inclusion.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that defendants David Meisinger, John Bellows, Anthony Fernandez, Ed Lago, Dave Napier, Bob Pace, Dick Vitelli, and Chantel Doriott be SUMMARILY DISMISSED WITHOUT PREJUDICE from this litigation pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: September 21, 2017

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).